TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar. No. 274365)
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorneys
Deputy Chiefs, International Narcotics,
 Money Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2576/2274
     Facsimile:  (213) 894-0142
     E-mail:    christopher.kendall@usdoj.gov
                benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

7/5/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:    cd         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-00588-JFW-4 |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MICHAEL DIAZ |
|        v. | |
| MICHAEL DIAZ, | |
|     Defendant. | |

    1.    This constitutes the plea agreement between Defendant Michael Diaz ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

1          a.   Give up the right to indictment by a grand jury and,

2    at the earliest opportunity requested by the USAO and provided by the

3    Court, appear and plead guilty to a two-count First Superseding

4    Information in the form attached to this agreement as Exhibit A or a

5    substantially similar form, which charges defendant with Attempting

6    to Violate the Export Administration Regulations, in violation of 50

7    U.S.C. § 4819(a), (b); and Possession with Intent to Distribute

8    Methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

9    (b)(1)(A)(viii).

10         b.   Not contest facts agreed to in this agreement.

11         c.   Abide by all agreements regarding sentencing contained

12   in this agreement.

13         d.   Appear for all court appearances, surrender as ordered

14   for service of sentence, obey all conditions of any bond, and obey

15   any other ongoing court order in this matter.

16         e.   Not commit any crime; however, offenses that would be

17   excluded for sentencing purposes under United States Sentencing

18   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

19   within the scope of this agreement.

20         f.   Be truthful at all times with the United States

21   Probation and Pretrial Services Office and the Court.

22         g.   Pay the applicable special assessments at or before

23   the time of sentencing unless defendant has demonstrated a lack of

24   ability to pay such assessments.

25   3.   Defendant further agrees:

26         a.   To forfeit all right, title, and interest in and to

27   any and all monies, properties, and/or assets of any kind, derived

28   from or acquired as a result of, or used to facilitate the commission

of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: the Smith & Wesson .40 caliber pistol, seized on January 19, 2022  (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

1           h.   To fill out and deliver to the USAO a completed

2   financial statement listing defendant's assets on a form provided by

3   the USAO.

4           i.   That forfeiture of Forfeitable Assets shall not be

5   counted toward satisfaction of any special assessment, fine,

6   restitution, costs, or other penalty the Court may impose.

7   THE USAO'S OBLIGATIONS

8      4.   The USAO agrees to:

9           a.   Not contest facts agreed to in this agreement.

10          b.   Abide by all agreements regarding sentencing contained

11  in this agreement.

12          c.   At the time of sentencing, move to dismiss the

13  underlying indictment as against defendant.  Defendant agrees,

14  however, that at the time of sentencing the Court may consider any

15  dismissed charges in determining the applicable Sentencing Guidelines

16  range, the propriety and extent of any departure from that range, and

17  the sentence to be imposed.

18          d.   Except for criminal tax violations (including

19  conspiracy to commit such violations chargeable under 18 U.S.C.

20  § 371), not further criminally prosecute defendant for violations of

21  18 U.S.C. § 922 or 924 arising out of defendant's conduct described

22  in the agreed-to factual basis set forth in paragraph 16 below.

23  Defendant understands that the USAO is free to criminally prosecute

24  defendant for any other unlawful past conduct or any unlawful conduct

25  that occurs after the date of this agreement.  Defendant agrees that

26  at the time of sentencing the Court may consider the uncharged

27  conduct in determining the applicable Sentencing Guidelines range,

28  the propriety and extent of any departure from that range, and the

4

sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSES</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in count one of the First Superseding Information, that is, willfully attempting to violate the Export Administration Regulations ("EAR"), in violation of 50 U.S.C. § 4819(a), (b), the following must be true: defendant willfully attempted to export from the United States to Mexico items controlled on the Commerce Control List ("dual-use items"), without first having obtained a license or authorization from the Department of Commerce to do so, as required by the EAR, or otherwise willfully attempted to engage in transactions or take other actions with the intent to evade the provisions of the EAR.

6.    Defendant understands that for defendant to be guilty of the crime charged in count two of the First Superseding Information, that is, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

7.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least fifty grams of actual methamphetamine.  Defendant admits that defendant, in fact, possessed with intent to distribute at least fifty grams of actual methamphetamine, as described in count two of the First Superseding Information.

PENALTIES

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 50 U.S.C. § 4819(a), (b), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

11.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is:

life imprisonment; a lifetime period of supervised release; a fine of $11,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

13.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

14.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15.     Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

16.     Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendant willfully attempted (1) to export from the United States to Mexico items controlled on the Commerce Control List ("dual-use items"), without first having obtained a license or authorization from the Department of Commerce to do so, as required by the Export Administration Regulations ("EAR"), in violation of 50 U.S.C. § 4819(a)(2); and (2) to engage in transactions and take other actions with the intent to evade the provisions of the EAR, in violation of 50 U.S.C. § 4819(a)(2). Defendant knew that the export of these dual-use items to Mexico without a license was unlawful and took steps to conceal the conduct from authorities.  Specifically:

On July 29, 2020, in Pahrump, Nevada, defendant packaged ammunition inside boxes and vacuum-sealed bags for further transport.

On July 31, 2020, defendant loaded ammunition into a van in Pahrump, Nevada and traveled to San Bernardino County, where he was stopped by law enforcement while attempting to transport the ammunition to Whittier, California.  In the van, defendant possessed the following dual-use items controlled on the Commerce Control List that cannot be exported to Mexico without a license: approximately 49,400 rounds of .223 Remington caliber ammunition manufactured by Wolf; approximately 14,000 rounds of .223 Remington caliber ammunition manufactured by Giulio Fiocchi; and approximately 1,000 rounds of .300 Blackout caliber ammunition manufactured by Arms Corporation of the Philippines ("Armscor").  In the van, defendant also possessed various firearms parts and accessories, including two Trijicon ACOG scopes, approximately 20 50-round ammunition belts, approximately 20 steel high-capacity magazines, approximately $52,471 in United States currency and approximately 10 United States Postal Service Money Orders each in the value of $1,000.

On January 19, 2022, in Moreno Valley, California, defendant knowingly and intentionally possessed at least fifty grams, that is, 197 grams, of actual methamphetamine with the intent to distribute it to another person.  Defendant possessed this methamphetamine in a backpack with him in a vehicle driven by another individual.  The backpack also contained clear empty baggies, a digital scale, a gun cleaning kit, a pistol magazine with 10 rounds of ammunition, and 31 rounds of ammunition in a box, as well as marijuana.  In addition, defendant possessed a loaded Smith & Wesson .40 caliber pistol in his waistband, which he possessed in connection with the crime charged in count two of the First Superseding Information.

The firearm and ammunition described above all had been manufactured outside of California and therefore affected interstate and/or foreign commerce.  Moreover, defendant knowingly possessed the firearm and ammunition knowing that he had previously been convicted of at least ten felony crimes,

9

each punishable by a term of imprisonment exceeding one year, including: (1) Possession for Sale of Cocaine, in violation of California Health & Safety Code Section 11351, in the Superior Court of California, County of Orange, Case Number 09CF0100, on or about January 20, 2009; (2) Sale or Transportation of Cocaine, in violation of California Health & Safety Code Section 11352(a), in the Superior Court of California, County of Orange, Case Number 09CF0100, on or about January 20, 2009; (3) Possession of Methamphetamine, in violation of California Health & Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, Case Number RIF153658, on or about October 30, 2009; (4) Possession for Cocaine, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Riverside, Case Number RIF10000155, on or about January 13, 2010; (5) Possession for Sale of Methamphetamine, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, Case Number RIF10001274, on or about June 1, 2011; (6) Possession for Sale of Methamphetamine, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, Case Number RIF1704011, on or about April 13, 2015; (6) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, Case Number RIF1704011, on or about April 13, 2015; (8) Possession of a Stolen Vehicle, in violation of California Penal Code Section 496D(a), in the Superior Court of the State of California, County of Riverside, Case Number RIF1704011, on or about November 6, 2017; (9) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, Case Number RIF1704011, on or about November 6, 2017; and (10) Possession of Methamphetamine, in violation of California Health & Safety Code Section 11370.1, in the Superior Court of the State of California, County of Riverside, Case Number RIF1704011, on or about November 6, 2017.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

1  Sentencing Guidelines and the other § 3553(a) factors, the Court will

2  be free to exercise its discretion to impose any sentence it finds

3  appropriate between the mandatory minimum and the maximum set by

4  statute for the crimes of conviction.

5      18.  Defendant and the USAO agree to the following applicable

6  Sentencing Guidelines factors:

7    Career Offender:              37            U.S.S.G. § 4B1.1

8  Defendant and the USAO reserve the right to argue that additional

9  specific offense characteristics, adjustments, and departures under

10  the Sentencing Guidelines are appropriate.

11      19.  Defendant understands that there is no agreement as to

12  defendant's criminal history or criminal history category, except

13  with respect to the application of the career offender guidelines,

14  pursuant to U.S.S.G. § 4B1.1, which supersedes otherwise-applicable

15  provisions of U.S.S.G. Chapter 2 and Chapter 3, Part D.

16      20.  Defendant and the USAO reserve the right to argue for a

17  sentence outside the sentencing range established by the Sentencing

18  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

19  (a)(2), (a)(3), (a)(6), and (a)(7).

20                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21      21.  Defendant understands that by pleading guilty, defendant

22  gives up the following rights:

23          a.   The right to persist in a plea of not guilty.

24          b.   The right to a speedy and public trial by jury.

25          c.   The right to be represented by counsel -- and if

26  necessary have the Court appoint counsel -- at trial.  Defendant

27  understands, however, that, defendant retains the right to be

28

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses against defendant.

    f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

    22.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

1    <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

2        23.    Defendant agrees that, provided the Court imposes a total

3    term of imprisonment on all counts of no greater than 327 months,

4    defendant gives up the right to appeal all of the following: (a) the

5    procedures and calculations used to determine and impose any portion

6    of the sentence; (b) the term of imprisonment imposed by the Court;

7    (c) the fine imposed by the Court, provided it is within the

8    statutory maximum; (d) to the extent permitted by law, the

9    constitutionality or legality of defendant's sentence, provided it is

10   within the statutory maximum; (e) the term of probation or supervised

11   release imposed by the Court, provided it is within the statutory

12   maximum; and (f) any of the following conditions of probation or

13   supervised release imposed by the Court: the conditions set forth in

14   Second Amended General Order 20-04 of this Court; the drug testing

15   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

16   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17       24.    Defendant also gives up any right to bring a post-

18   conviction collateral attack on the convictions or sentence, except a

19   post-conviction collateral attack based on a claim of ineffective

20   assistance of counsel, a claim of newly discovered evidence, or an

21   explicitly retroactive change in the applicable Sentencing

22   Guidelines, sentencing statutes, or statutes of conviction.

23   Defendant understands that this waiver includes, but is not limited

24   to, arguments that the statutes to which defendant is pleading guilty

25   are unconstitutional, and any and all claims that the statement of

26   facts provided herein is insufficient to support defendant's pleas of

27   guilty.

28

25.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, and (b) the Court imposes a total term of imprisonment on all counts of no less than 262 months, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any

remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

30.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

16

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

17

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

35.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*Christopher C. Kendall*                                July 5, 2022
CHRISTOPHER C. KENDALL                                  Date
BENEDETTO L. BALDING
Assistant United States Attorneys

_____                                     6-22-22
MICHAEL DIAZ                                             Date
Defendant

_____                                     6/22/22
DAVID REED                                               Date
Attorney for Defendant MICHAEL DIAZ

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          6-22-22
MICHAEL DIAZ                              Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MICHAEL DIAZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

//

//

//

agreement is informed and voluntary; and the factual basis set forth
in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____                    6/20/22
DAVID REED                                          Date
Attorney for Defendant MICHAEL DIAZ

# EXHIBIT A

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,           No. CR 2:21-00588(A)-JFW

11            Plaintiff,                 F I R S T
                                         S U P E R S E D I N G
12            v.                         I N F O R M A T I O N

13   MICHAEL DIAZ,                       [50 U.S.C. §§ 4819(a), (b):
                                         Attempting to Violate the Export
14            Defendant.                 Administration Regulations; 21
                                         U.S.C. §§ 841(a)(1),
15                                       (b)(1)(A)(viii): Possession with
                                         Intent to Distribute
16                                       Methamphetamine]

17

18        The United States Attorney charges:

19                          INTRODUCTORY ALLEGATIONS

20        At times relevant to this First Superseding Information:

21        1.   The Export Control Reform Act of 2018 ("ECRA") provides,

22   among its stated policy objectives, that "the national security and

23   foreign policy of the United States require that the export,

24   reexport, and in-country transfer of items, and specific activities

25   of United States persons, wherever located, be controlled . . . ."

26   50 U.S.C. § 4811.  To that end, ECRA grants the President the

27   authority "(1) to control the export, reexport, and in-country

28   transfer of items subject to the jurisdiction of the United States,

whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information.  50 U.S.C. § 4812. ECRA further grants the Secretary of Commerce the authority to establish the applicable regulatory framework.

2.    Pursuant to that authority, the Department of Commerce ("DOC") reviews and controls the export of certain items, including goods, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774.  In particular, the EAR restrict the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States.  The EAR impose licensing and other requirements for items subject to the EAR to be lawfully exported from the United States or lawfully re-exported from one foreign destination to another.

3.    The most sensitive items subject to EAR controls are identified on the Commerce Control List, or "CCL," published at 15 C.F.R. part 774, Supp. No. 1.  Items on the CCL are categorized by Export Control Classification Number ("ECCN"), each of which has export control requirements depending on destination, end use, and end user.

                              COUNT ONE

                    [50 U.S.C. §§ 4819(a), (b);

          15 C.F.R. §§ 736.2 and 764.2, and parts 738 and 742]

     Between on or about July 29, 2020 and July 31, 2020, in San Bernardino County, within the Central District of California, and elsewhere, defendant MICHAEL DIAZ willfully attempted to:

     1.    Export from the United States to Mexico items controlled on the CCL, without first having obtained a license or authorization from the Department of Commerce to do so, as required by the EAR, in violation of Title 50, United States Code, Section 4819(a)(2); and

     2.    Engage in transactions and take other actions with the intent to evade the provisions of the EAR, in violation of Title 50, United States Code, Section 4819(a)(2).

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 19, 2022, in Riverside County, within the Central District of California, defendant MICHAEL DIAZ knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 197 grams, of methamphetamine, a Schedule II controlled substance.

TRACY L. WILKISON
United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Chief, International Narcotics, Money
  Laundering, and Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International Narcotics,
  Money Laundering, and Racketeering
  Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, International Narcotics,
  Money Laundering, and Racketeering
  Section

4

<u>CERTIFICATE OF SERVICE</u>

I, <u>SANDRA POWELL</u>, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT FOR DEFENDANT MICHAEL DIAZ**

**service was:**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

☒ By e-mail, as follows:

David Reed
Email: automatictrials@yahoo.com

This Certificate is executed on **July 5, 2022**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

SANDRA POWELL