STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar. No. 274365)
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorneys
Deputy Chiefs, International Narcotics,
 Money Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2576/2274
     Facsimile: (213) 894-0142
     E-mail:    christopher.kendall@usdoj.gov
                benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-00588(A)-JFW-4 |
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT MICHAEL DIAZ</u> |
| v. | Hearing Date: September 26, 2022 |
| MICHAEL DIAZ, | Hearing Time: 8:00 a.m. |
| Defendant. | Location:     Courtroom of the Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Christopher C. Kendall and Benedetto L. Balding, hereby files its sentencing position regarding defendant MICHAEL DIAZ.

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit. The government respectfully reserves the right to file a response to any of defendant's sentencing positions and to file a supplemental sentencing position if necessary.

Dated: September 9, 2022        Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


         */s/ Benedetto L. Balding*
CHRISTOPHER C. KENDALL
BENEDETTO L. BALDING
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 14, 2022, defendant MICHAEL DIAZ ("defendant") pleaded guilty to one count of Attempting to Violate the Export Administration Regulations, in violation of 50 U.S.C. § 4819(a), (b), and one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). On August 22, 2022, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR") (Dkt. No. 200) and recommendation letter ("Recommendation Letter") (Dkt. No. 199). The USPO determined that the conviction in count two results in defendant being a career offender; thus, the total applicable offense level is 34, and defendant's criminal history falls within category VI, resulting in a range under the sentencing guidelines of 262 to 327 months. (PSR ¶ 130.)

The government concurs with the USPO's calculation of defendant's criminal history category and total offense level. Accordingly, the government believes that a low-end sentence of 262 months in custody, followed by a five-year term of supervised release, is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

**II.   FACTUAL BACKGROUND**

On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendant willfully attempted (1) to export from the United States to Mexico items controlled on the Commerce Control List ("dual-use items"), without first having obtained a license or authorization from the Department of Commerce to do so, as required by the Export

Administration Regulations ("EAR"), in violation of 50 U.S.C. § 4819(a)(2); and (2) to engage in transactions and take other actions with the intent to evade the provisions of the EAR, in violation of 50 U.S.C. § 4819(a)(2). Defendant knew that the export of these dual-use items to Mexico without a license was unlawful and took steps to conceal the conduct from authorities. Specifically:

- On July 29, 2020, in Pahrump, Nevada, defendant packaged ammunition inside boxes and vacuum-sealed bags for further transport.
- On July 31, 2020, defendant loaded ammunition into a van in Pahrump, Nevada and traveled to San Bernardino County, where he was stopped by law enforcement while attempting to transport the ammunition to Whittier, California. In the van, defendant possessed the following dual-use items controlled on the Commerce Control List that cannot be exported to Mexico without a license: approximately 49,400 rounds of .223 Remington caliber ammunition manufactured by Wolf; approximately 14,000 rounds of .223 Remington caliber ammunition manufactured by Giulio Fiocchi; and approximately 1,000 rounds of .300 Blackout caliber ammunition manufactured by Arms Corporation of the Philippines ("Armscor"). In the van, defendant also possessed various firearms parts and accessories, including two Trijicon ACOG scopes, approximately 20 50-round ammunition belts, approximately 20 steel high-capacity magazines, approximately $52,471 in United States currency and approximately 10 United States Postal Service Money Orders each in the value of $1,000.

On January 19, 2022, in Moreno Valley, California, defendant knowingly and intentionally possessed at least fifty grams, that is, 197 grams, of actual methamphetamine with the intent to distribute it to another person. Defendant possessed this methamphetamine in a backpack with him in a vehicle driven by another individual. The backpack also contained clear empty baggies, a digital scale, a gun cleaning kit, a pistol magazine with 10 rounds of ammunition, and 31 rounds of ammunition in a box, as well as marijuana. In addition, defendant possessed a loaded Smith & Wesson .40 caliber pistol in his waistband, which he possessed in connection with the crime of Possession with Intent to Distribute Methamphetamine.

The firearm and ammunition described above all had been manufactured outside of California and therefore affected interstate and/or foreign commerce. Moreover, defendant knowingly possessed the firearm and ammunition knowing that he had previously been convicted of at least ten felony crimes, each punishable by a term of imprisonment exceeding one year, as set forth in the Plea Agreement. (Dkt. No. 178, ¶ 16.)

### III. THE PRESENTENCE REPORT

Based on the above facts, the USPO determined that as to count one, defendant's base offense level was 26, pursuant to U.S.S.G. §§ 2M5.2. (PSR ¶¶ 36-44.) The USPO determined that as to count two, defendant's base offense level was 34, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(b)(1). (PSR ¶¶ 45-48.) The USPO also determined that one-level enhancement was warranted under U.S.S.G. § 3D1.4 (multiple count adjustment), resulting in an adjusted offense level of 35. (PSR ¶ 56.) However, the USPO also determined that the conviction in count two subjected defendant to the career offender

3

provisions of U.S.S.G. § 4B1.1(b)(1). (PSR ¶¶ 57-60.) Thus, with a three-level reduction for acceptance of responsibility, defendant's Total Offense Level is 34 and his Criminal History Category is VI. (PSR ¶¶ 63, 83.)[1]  This is consistent with the parties' Plea Agreement. (Dkt. No. 178 ¶ 18.) The resulting sentencing guideline range is 262 to 327 months, though count one has a statutory maximum term of imprisonment of 240 months. (PSR ¶¶ 129-130.)

## IV.   USPO's RECOMMENDATION

The USPO recommends that defendant be sentenced to: a low-end sentence of 262 months' imprisonment on count two and a 240-month sentence (the statutory maximum) on count one, to run concurrently; a five-year period of supervised release on count two and a three-year period of supervised release (the statutory maximum) on count one, to run concurrently; and a $200 special assessment. (Recommendation Letter at 1-2.)

## V.   THE GOVERNMENT'S POSITION – A SENTENCE OF 262 MONTHS IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS

The government requests the Court adopt the factual findings in the PSR and with the USPO's ultimate sentencing recommendation. Accordingly, the government believes that the following sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a): (a) a low-end sentence of 262 months' imprisonment on count two and a sentence of 240 months on count one, to run concurrently; (b) a five-year period of supervised release on count two and a three-year period of supervised

---

[1] Even absent the career offender determination, the USPO calculated that defendant has 26 criminal history points, resulting in a criminal history category of VI. (PSR ¶¶ 80-82.)

4

release on count one, to run concurrently; and (c) a $200 special assessment.

### A. Nature and Circumstances of the Offense, § 3553(a)(1)

Defendant committed serious offenses by attempting to export ammunition and firearm accessories to Mexico, and by possessing with intent to distribute over 50 grams of methamphetamine. The latter crime was committed while defendant possessed a firearm. While the government did not charge defendant with a violation of 18 U.S.C. § 924(c), which would have subjected defendant to an additional 60-month consecutive sentence, the government believes that the nature and circumstances of the offenses are appropriately accounted for in the Guidelines calculation.

### B. History and Characteristics of Defendant, § 3553(a)(1)

Defendant has a very lengthy criminal history, which is reflected in his criminal history category of VI. In mitigation, defendant's conduct following his arrest on the underlying export-related conduct – namely, pleading guilty to a federal charge for the drugs in his possession at the time of his arrest prior to indictment on new charges – shows defendant has accepted responsibility for his actions. Accordingly, the government recommends a sentence within the guidelines range.

### C. Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

Defendant has spent a large portion of his adult life violating the law and his conduct in this case reflects that. This will likely be the longest sentence defendant has ever received. Indeed, had defendant been charged with violating 18 U.S.C. § 924(c), he could have faced a mandatory consecutive 60-month sentence on top of any

5

sentence here. The government respectfully submits that, by requiring defendant to spend 262 months in custody, the Court will impress upon defendant and others the seriousness of defendant's crimes, give defendant time to reconsider defendant's actions in light of the consequences, and hopefully deter defendant and others from engaging in additional offenses in the future. In light of these considerations, the government submits that a sentence of 262 months' imprisonment is appropriate for this defendant.

### D. Policy Statements and Need to Avoid Unwarranted Sentencing Disparities, § 3553(a)(6)

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly-situated defendants. One way of doing so is to correctly calculate the Guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Under the Guidelines, other defendants in the same circumstances as defendant, who are subject to the career offender provision, could expect to serve between 262 and 327 months in custody. Accordingly, the government believes that its recommended sentence of 262 months' imprisonment -- within the applicable sentencing guidelines range --

followed by a five-year period of supervised release, will avoid unwarranted sentencing disparities with other similarly-situated defendants.

**VI.  FINE**

The USPO determined that defendant does not have the ability to pay a fine at the time of sentencing. (PSR ¶ 126.) Accordingly, the UPSO recommends that, pursuant to U.S.S.G. § 5E1.2(a), all fines should be waived. (Recommendation Letter at 1.) The government agrees with the USPO and believes that defendant is unable to pay any fine at this time or at any point in the foreseeable future.

**VII. CONCLUSION**

For the foregoing reasons, a sentence of 262 months is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, deter defendant from committing similar crimes in the future, and avoid sentencing disparities. See generally 18 U.S.C. § 3553(a). Accordingly, the government recommends that the Court sentence defendant to 262 months' imprisonment on count two and 240 months' imprisonment on count one, to run concurrently; a five-year period of supervised release on count two and a three-year period of supervised release on count one, to run concurrently; and a mandatory special assessment of $200.